# IN GENERAL TERM, 1874.

DAVID DAVID ET AL *v.* LEWIS KESSLER ET AL., Appellants.

DEFAULT—*application to set aside.*

An application to set aside a default, must particularly set forth the grounds of defense; a mere general denial is not sufficient.

*Finch & Finch*, for appellants.
*Smith & Hawkins*, appellee.

PERKINS, J.—Application to set aside a default. Application denied. Appeal to General Term. The suit was commenced June 17, 1873. The default was taken on the second day of the September Term, 1873. The decree quieting title to lands, as prayed in the complaint, and judgment for costs, were entered on the following day.

On the 30th of said month of September, the defendants' attorneys filed a motion to set aside the decree and default, and between that day and the eighth of October following, filed, in support of their motion, the affidavits of Fabius M. Finch, John A. Finch, and Henry Fisher, and the certificate of Dr. Comingor, and offered to file the general denial in answer to the complaint.

We copy the affidavit and certificate mentioned :

"John A. Finch upon oath says that he is a member of the law firm of Finch & Finch, and that he has not been in the State of Indiana from the 8th of July, 1873, until the

27th day of September, 1873, having been absent during that time going to, and returning from Europe; that at the time he left Indiana, Fabius M. Finch, the senior member of the firm, was attending to business in ordinary health, and expecting to attend to the business of the firm until affiant should return. He further says that he believes the defend ants have a full and complete defense to the complaint in the general denial."

" Henry Fisher, upon oath says, that he is one of the defendants in the above entitled cause, and fully informed of the merits of the case, and for himself, and his co-defendants, he specially denies every allegation of fraud, or fraudulent collusion between himself, and any of his co-defendants, or between either of them, alleged in the complaint of plaintiff. He says that he, and his co-defendants, collectively, and severally, have a complete defense to the complaint in the general denial, which is hereby tendered.

He says, that he, and his firm employed the firm of Finch & Finch to defend the action ; that they were prevented from appearing in court on the day, and for several weeks succeeding the day the default was taken, by the serious sickness of the senior member of the firm of which neither he, nor either of his co-defendants had information ; that the junior member of the firm was absent from the state at the time, and for several weeks succeeding the day the default was taken ; he prays the default may be set aside," etc.

" I, John A. Comingor, a practicing physician of this city, certify that Fabius M. Finch was under my charge during the month of September of this year for treatment of an aggravated carbuncle which confined him to his house, and had, from the 2nd day of September, for several weeks. On the 2d, and for a week thereafter, he could not possibly have attended to business or left the house."

" Fabius M. Finch, upon oath says, that he is a member

of the firm of Finch & Finch, attorneys for defendant in the above entitled cause, and the only member in the city during the months of August, and September, until the 27th inst., when the junior member returned to the city.   Affiant says that about the 22d day of August he was taken with an illness, the nature of which did not appear for a week, or longer; that two, or three days after he became unwell, and before he was confined to his house, one of plaintiff's attorneys, Mr. Hawkins, called at the office of affiant, and inquired if the firm was employed to defend this suit, and desired to know the nature of the defense.   Affiant informed Mr. H. that the firm would defend, but that as he had not been able to examine the case, and not being then well enough to attend to such business, he could not give the defense.   On the next day or two afterward, Mr. Smith, another of plaintiff's attorney's called, and had the same information.   Affiant further says, that all the defendants live at a distance from the city, and knew nothing of his illness, and wholly relied on his being present in Court when the case was called to appear, and defend for them.   Affiant further says, that from the day he spoke to Mr. Smith, his illness so increased as to ultimately incapacitate him from business, confining him to his house, and assuming a very painful, and dangerous condition which continued for nearly four weeks.   He says that the default herein was taken on the first day of the call of the docket, on the second day of the term; that he was at that time, and for several days previous confined to his bed, and wholly unable to attend to, or converse upon business, or to send for, and employ any attorney to appear for his firm in the case; and that the default was then taken without his knowledge, or ability to prevent it, if he had thought plaintiff's attorneys would take such a course.   He says, that knowing that plaintiff's attorneys each knew of the employment of the firm, and knowing that each knew of his illness, and of

the absence of his partner in business, he relied on the usual courtesy of members of the bar in such cases, and trusted that the case would be delayed until his associate counsel would return to the city, or until he was able to appear in court. Affiant further says, that from his knowledge of the case, he thinks defendants have a full, and complete defense to the action."

On this showing, we think:

1. The defendants were negligent in failing to communicate to counsel their defense, if they had any, till long after the suit had terminated.

2. Counsel did not ask plaintiff's attorneys to delay taking steps in the cause, at the opening of the term.

3. We think the general denial of the cause of action is not, in this case, such a setting forth of the grounds of defense as is required on an application to set aside the default. We can conceive of cases where it might be. But in this case, which is an action to quiet title to real estate, and wherein, as appears from the copies of deeds, judgment, and agreement, set out in the complaint, there is considerable complication, and in which action, according to *Sherman* v. *Gaines*, 15 *Ind.*, 931, affirmative as well as negative defenses may be given, we think, on an application to set aside a default, the defendants' defense should be particularly set forth.

We think the complaint good on general denial, the aspect in which, on this application, we must look at it.

Judgment is affirmed.